JANE B. STRANCH, Circuit Judge, concurring. CONCURRENCE I write separately to comment on the Board’s adherence to the same position it advanced before the Third Circuit in PATH. There, the Board also argued (albeit unsuccessfully) that § 20901(c)(2) covers injuries and illness that were not sustained during the course of employment. I do not think it was unreasonable for the Board to continue to advance that position in this litigation. Apart from today’s decision, PATH remains the only published circuit court opinion that addresses the specific statutory interpretation question at issue in this case. (And I agree with the majority opinion that PATH itself is open to some criticism.) The other cases that the majority opinion idéntifies as having rejected the Board’s position include an unpublished Third Circuit decision citing PATH but interpreting-a different subsection, see Stokes v. Se. Pa. Transp., Auth., 657 Fed.Appx. 79, 82 (3d Cir. 2016) (applying 49 U.S.C. § 20901(b)), and'three district court decisions, one of which postdated the decision of the Board at issue in this appeal, see Murdock v. CSX Transp., Inc., No. 3:15-cv-1242, 2017 WL 1165995, at *3 (N.D. Ohio Mar. 29, 2017); Miller v. BNSF Ry. Co., No. 14-2596, 2016 WL 2866152, at *15 (D. Kan. May 17, 2016); Goad v. BNSF Ry. Co., No. 15-650, 2016 WL 7131597, at *3 (W.D. Mo. Mar. 2, 2016). In this context, I do not think the Board should be criticized for its good faith effort to advocate for a reasonable interpretation of § 20901(c)(2). This is, after all, how important issues percolate through the judicial system toward ultimate resolution. But even though I think the Board was entitled to make its case, I nevertheless agree that Grand Trunk’s interpretation is ultimately more persuasive for the reasons stated in today’s opinion.